Howell *et al. v.* State.

(Division B.   Nov. 7, 1938.)

[184 So. 326.   No. 33339.]

Hugh N. Clayton, of New Albany, for appellants.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

Argued orally by **Hugh N. Clayton,** for appellant, and by **W. D. Conn, Jr.,** for the State.

**Anderson, J.,** delivered the opinion of the court.

Appellants appealed from a judgment of the Circuit Court imposing a fine of $25 on each of them for an alleged unlawful and wilful trespass upon the lands of one Gregory. The prosecution originated before a justice of the peace on affidavit charging the offense. There was a conviction and an appeal to the Circuit Court and a trial there de novo.

A verdict of guilty, of course, was necessary upon which to base the judgment of the Court. We have reached the conclusion that the verdict was not one of guilty, but one of not guilty. We arrive at that conclusion upon the following considerations. The prosecution was under Section 1163 of the Code of 1930, which follows: "Any person who shall be guilty of a wilful or malicious trespass upon the real or personal property of another, for which no other penalty is prescribed, shall, upon conviction, be fined not exceeding five hundred dollars, or imprisoned not longer than six months in the county jail, or both."

There was evidence for the state tending to show that the trespass was wilful and malicious, and there was evidence on behalf of appellants tending to show the contrary. The state asked for an instruction in the following language: "The Court instructs the jury for the State that if you believe from the evidence in this case beyond a reasonable doubt that the defendants at the time and place as alleged in the affidavit, unlawfully and wilfully trespassed upon the real property of D. C. Gregory, then it is your sworn duty to find them guilty as

charged, and the form of your verdict should be, 'We, the Jury, find the defendants guilty as charged in the affidavit.' "

The Judge ran his pen through the last five words of the instruction: "as charged in the affidavit," and added: "of a simple trespass." The state used the instruction in that form. The Jury accordingly returned the following verdict: "We the Jury find the Defendants guilty of simple trespass." There is no such crime as a "simple trespass" known to the laws of this state. The change, therefore, made in the charge was equivalent to instructing the jury to return a verdict of not guilty, even though the state proved its case beyond a reasonable doubt. In other words, the verdict returned was an impossible one. It could have meant nothing more than that the state had failed to prove its case beyond a reasonable doubt. It had no more validity than a verdict of simple trespass would have in a murder trial. We have here, therefore, a judgment of the Court imposing fines based on the verdict of the jury of not guilty.

Reversed and judgment discharging appellants.